# NEW COLONIAL COMPANY, LIMITFD,
## *v.*
# CANOVANAS SUGAR FACTORY, LIMITED.

---

FORECLOSURE—INTERVENING DEFENDANTS—PLEA.

1. In most of the states of the United States the personal representative of a deceased owner of personal property becomes vested with the title thereto, and is the proper party to enforce a trust therein; but when there is no such representative, an objection to the decedent's heirs suing in their own right will not obtain.

2. Personal representatives are not known to the laws of Porto Rico. Under the local law an heir may enforce rights to personal estate belonging to the decedent.

February 9, 1904.

---

*Mr. F. H. Dexter* for complainant.

*Messrs. Pettingill & Keedy* for interveners.

HOLT, Judge, delivered the following opinion:

The court, in the exercise of its discretion, heretofore permitted the intervening petition of Barbara Latimer, etc., to be filed, and stand as the answer of the petitioners herein. They are the heirs and devisees of José Ramón Fernandez and Wm. H. Latimer. The petitioner J. E. Blanco is the attorney in fact of the heirs of Chas. A. Howard; but they are not joined as petitioners, and the joining of the attorney in fact avails noth-

New Colonial Co. v. Canonvanas Sugar Factory.

ing, and is not to be considered. If, however, the heirs and devisees of the original parties to whom the stock in the defendant company was issued can intervene herein, then the heirs and devisees of any one of them can do so, and make the questions presented by the petition of intervention. The plea of the complainant claims that only the executors or administrators of the original stockholders, and not their heirs and devisees, can become parties, or sue herein as to the stock, and are not proper interveners. The case has been submitted upon the sufficiency of this plea.

This question was somewhat considered when the question of the filing of the petition of intervention was presented. It has now been carefully considered upon the question of the sufficiency of the plea. This careful consideration has been deemed necessary owing to the somewhat confused condition of the law here. Under the common law in the states, or the most of them, the title of corporate stock or personal property upon the death of the owner is in abeyance until there is an administration upon his estate, and then it vests in the personal representative, either the executor or administrator as the case may be, as of the time of the death. The personal representative represents the personal estate of the decedent. He is the one to sue therefor, either at law or in equity. He, and not the heirs, is the proper party to enforce a trust in personal property made for the benefit of the decedent. 1 Bates, Fed. Eq. Proc. § 50; Ware v. Galveston City Co. 111 U. S. 171, 28 L. ed. 394, 4 Sup. Ct. Rep. 337.

In the case, however, of José Ramón Fernandez, the petition of intervention avers that he died testate many years ago, to wit, in 1883; that his executors are dead, and that there is now no executor; also that his heirs are entitled to the stock which was issued to him in the defendant company.

New Colonial Co. v. Canonvanas Sugar Factory.

It has been held that under the common law, after the final settlement of an estate and the discharge of the personal representative, the heir can sue in equity as to the personal estate unadministered. Hubbard v. Urton, 67 Fed. 419.

Beach's Modern Equity Practice, vol. 1, § 62, says that where there is no representative of the estate of a decedent, an objection for want of proper parties will not held. Not only are the heirs and devisees of Fernandez joined in the petition of intervention, but also those óf Wm. H. Latimer, who died testate, and who, it is averred, are the owners of the stock in the defendant company that was issued to him. Personal representatives, to wit, executors and administrators, as known to the common law, and possessing rights and duties thereunder, are not known to the civil or local law in force in Porto Rico now or when the petition of intervention was filed. These heirs have an interest in the succession, and under the local law the heir may sue to enforce his right as to personal estate which belonged to the decedent. He may sue and recover the same. If the original stockholder would have had the right to intervene herein, his heir may do so under the local law; and the fact that the shares of stock were transferred to the Colonial Company, Limited, by the contract of February 3d, 1883, for certain specified purposes, and to be controlled by it as if it were the owner, did not deprive the original stockholders of all interest therein; nor could the adoption by the defendant, the Canovanas Sugar Factory, Limited, of a by-law that the executors or administrators of a deceased member should only be recognized by it as having title to the stock, change the existing law.

The plea is, therefore, overruled, to which the complainant excepts, and upon motion it is given until March 15th, 1904, to answer herein.